UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV06-04717 AHM (PJWx) | Date | February 24, 2012 |
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. STARVENIA ADDISON et al | | |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| | | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Defendants successfully opposed Plaintiff's petition for a writ of certiorari. In the present motion, Defendants seek an attorneys' fees award of $102,307.45 for their efforts in opposing Plaintiff's petition.[1] Defendants also seek attorneys' fees in the amount of $6,810.00 for filing a reply brief in connection with this motion. I GRANT this motion, in part, because Defendants are the "prevailing parties" and are entitled to attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 *et seq*. But for the reasons stated below, $102,307.45 is an excessive amount.

## I. Background

Plaintiff Compton Unified School District is a public school district. Defendants are a student and her mother. In 2006, the California Office of Administrative Hearings determined that the District did not fulfill its obligations under IDEA towards Defendants.

To appeal the ALJ's decision, the District filed suit against Defendants in this Court. In 2007, after affirming the ALJ's decision, I granted Defendants' motion for attorneys' fees. Dkt. 40. I awarded a total of $52,582.50, which represented counsel's work before this court as well as counsel's work before the Office of Administrative Hearings.

The District appealed this Court's decisions as to the underlying merits and as to the attorneys' fees award. The Ninth Circuit affirmed both decisions, *Compton Unified*

[1] Dkt. 55.

*School Dist. v. Addison*, 598 F.3d 1181 (9th Cir. 2010), and the District applied to the Supreme Court for a writ of certiorari.

Defendants filed an opposition to the District's petition for a writ of certiorari. To assist them in filing their opposition, Defendants contracted with Public Citizen Litigation Group, a public interest firm in Washington D.C. that specializes in Supreme Court litigation. After both sides filed their briefs, the Supreme Court sought the opinion of the Solicitor General's office. The Solicitor General indicated that this case should not be reviewed. Subsequently, on January 9, 2012, the Court denied the District's petition.

## II. Requested Fees

### A. Newman Aaronson Vanaman's Request

Defendants' primary counsel is the firm of Newman Aaronson Vanaman ("NAV"). NAV requests $76,207.95 for the effort and time it expended in opposing the District's petition for certiorari. Two NAV attorneys—George Crook and Valerie Vanaman—worked on this case. Crook was the principal NAV attorney on this case and over seventy-five percent of NAV's attorney hours are attributable to his work. NAV employed two paralegals on this case as well.

Crook and Vanaman seek a rate of $650/hr for their services. They both have significant experience in education law and courts have previously awarded them this requested rate. NAV seeks $160/hr for paralegal Eric Sams and $170/hr for paralegal John Chan.

| Attorney/Paralegal | Requested Rate | Support |
|---|---|---|
| Crook | $650/hr | Crook Decl. ¶¶ 12–20. |
| Vanaman | $650/hr | Vanaman Decl. ¶¶ 1-19. |
| Chan (Paralegal) | $170/hr | Crook Decl. ¶ 21. |
| Sams (Paralegal) | $160/hr | Sams Decl.(Attached to Vanaman Decl.) ¶¶ 1-9. |

### B. Public Citizen's Request

NAV enlisted Public Citizen to assist it with the certiorari petition. Public Citizen seeks $26,099.50 for its efforts.

Three Public Citizen attorneys—Deepak Gupta, Michael Kirkpatrick, and Allison Zieve—worked on this matter. Gupta was the primary Public Citizen attorney on this matter and recorded over two-thirds of Public Citizen's claimed hours. Gupta is a 2003 graduate of Georgetown University and claims a rate of $455/hr. Kirkpatrick, a 1991 graduate of American University's Washington College of Law, claims a rate of $640/hr. In addition, Zieve, a 1989 Yale Law graduate, claims a rate of $640/hr.

Public Citizen submits the "Updated Laffey Matrix" in support of its fee request. This is a publication that attempts to measure the prevailing legal rates in the Washington D.C. market. Courts in Washington D.C. have approved the use of this tool. *See Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995). Public Citizen's rates are approximately 15% lower than the rates provided by the Updated Laffey Matrix. Kirkpatrick Decl. ¶¶ 11–13**.**

| Attorney | Requested Rate | Support |
|---|---|---|
| Kirkpatrick | $640 | Kirkpatrick Decl. ¶¶ 1–13. |
| Zieve | $640 | |
| Gupta | $455 | |

## III. Legal Standard

The IDEA grants district courts the discretion to award "reasonable attorneys' fees" to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). This discretion is not absolute and must be exercised with regards to the framework set forth by the statute and case law.

The IDEA's fee-shifting statute is "nearly identical" to 42 U.S.C. § 1988, the fee-shifting statute that applies to § 1983 claims. *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). Accordingly, the IDEA's fee-shifting provision is governed by the same legal standards as § 1988. *Id.* at 1118 (applying the framework set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to the IDEA). Under

this framework, a prevailing party should ordinarily recover attorneys' fees "unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429.

In deciding whether a fee request is reasonable, the starting point is the lodestar method, which involves multiplying the hours reasonably expended by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. Although the lodestar method is not perfect, it "yields a fee that is presumptively sufficient." *Perdue v. Kenny A. ex Winn*, **—** U.S**. —**, 130 S. Ct. 1662, 1672–73 (2010).

The fee applicant bears the burden of documenting the appropriate hours expended. *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* If the documentation of hours is adequate, the district court should ordinarily defer to the prevailing party's counsel's professional judgment as to how much time he was required to spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). That said, the Court does have the duty to exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see* § 1415(i)(3)(F)(iii). In determining the reasonable number of hours, the Court must consider whether "the time could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111.

To determine the reasonable hourly rate, the district court should look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. § 1415(i)(3)(F)(ii); § 1415(i)(3)(c). In a situation where a more senior lawyer performs work that a junior lawyer could have performed, the district court may not second guess the firm's staffing policy. *Moreno*, 534 F.3d at 1115. The court, however, is free to consider the "skill level of the work performed" in setting the reasonable rate. *Id.*

Although presumptively reasonable, *Perdue*, 130 S.Ct. at 1674, the lodestar calculation does not always end the inquiry. *Hensley*, 461 U.S. at 434. The district court may adjust the award based on additional factors. *Id.* The most important of these factors is the "results obtained." *Id.* In considering the "results obtained" factor, the district court must ask two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

## IV. ANALYSIS

### A. Defendants are Entitled to Attorneys' Fees

Plaintiff contends that the IDEA does not authorize this Court to award attorneys' fees for litigation conducted before the Supreme Court. There is no authority for that proposition. The IDEA, like other fee-shifting provisions, merely authorizes an award of attorneys' fees to the prevailing party. Here, Defendants are the prevailing party because they successfully opposed Plaintiff's petition for certiorari.

In *Stone v. City of Wichita Falls*, 668 F.2d 233 (5th Cir. 1982), the Fifth Circuit considered whether it should award attorneys' fees to a party who was successful in opposing a petition for a writ of certiorari. The court held that this question should be "determined in the first instance by a trial court." *Stone*, 668 F.2d at 233. Although *Stone* involved § 1988 and not the IDEA fee-shifting statute, the two provisions are essentially identical.

Similarly, in *C.B. v. Garden Grove Unified School District*, 2012 WL 161806, at * 5 (C.D. Cal. Jan. 18, 2012), the district court found that the plaintiff was entitled to reasonable attorney's fees for her opposition to the defendants' petition for certiorari. Like this case, *Garden Grove* was an IDEA case.

### B. Reasonableness of the Fee Request

#### 1. NAV's Request is Excessive

NAV has no experience with certiorari petitions. Accordingly, and reasonably, it sought the assistance of experienced Supreme Court advocates. NAV and Public Citizen agreed that Public Citizen would take the "laboring oar on the opposition brief" with NAV providing research on the IDEA. Crook Decl. ¶ 4; Kirkpatrick Decl. ¶ 13. Even though Public Citizen was to take the lead, both firms drafted "parallel" oppositions. Crook Decl. ¶ 6[C]. NAV's fee request reflects a $33,539.00 charge for this product. The time was charged at NAV's regular rates.

At least some part of this $33,539.00 request is unreasonable. A part of this time was reasonably spent on IDEA issues. Some part of this time, however, was spent on

certiorari issues. But NAV is not experienced or skilled with respect to certiorari issues —that's precisely why it hired Public Citizen. Accordingly, NAV should not have charged its full rate for an area of law it does not have experience with.

In addition, NAV should not have charged for much of the time it spent working on the certiorari petition. As mentioned above, it hired Public Citizen to perform that task. Although some repetition in effort was likely necessary in order to prepare a superior brief, this wholesale duplication of effort appears to be unnecessary double billing.

After reviewing NAV's time entries, it appears that Crook spent approximately 40 hours in drafting and reviewing his version of the brief. In addition, he spent over 6 hours reviewing Public Citizen's version of the brief. To account for the significant overlap of effort between NAV and Public Citizen, I reduce the 46 hours spent on this matter by Crook to 15 hours. This reduces NAV's billings by $20,150 (31 overlap hours x $650/hr).

In addition, attorney Vanaman spent approximately 4 hours reviewing and discussing NAV's certiorari brief. I eliminate these hours as duplicative. This further reduces NAV's billings by $2,600 (4 hours x 650/hr).

### 2. Public Citizen's Fee Request is Reasonable

Public Citizen was hired to take the lead in opposing Plaintiff's application for certiorari. In addition, Public Citizen assisted in presenting Defendants' case to the Solicitor General's office. These tasks took Public Citizen approximately 50 hours. There is no evidence that the time spent by Public Citizen was excessive.

Most of Public Citizen's time was billed by Gupta at $455 an hour. Public Citizen submits evidence that its rates are below the rates provided by the "Updated Laffey Matrix," which has been accepted by federal courts in the District of Columbia. Plaintiff does not submit any evidence to the contrary. Accordingly, I grant Defendants $26,099.50 for Public Citizen's efforts.

### 3. Other Issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV06-04717 AHM (PJWx) | Date | February 24, 2012 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. STARVENIA ADDISON et al | | |

*a) Hours expended*

Other than the issue of double billing discussed above, Defendants' attorneys appear to have employed conservative billing practices. Their time entries are generally clear and their charges are for necessary tasks. The time spent on each task appears reasonable, for the most part.

There are some exceptions, however. For example, NAV's paralegal Chan recorded 1.20 hours for "Copy and Scan Petition for Writ of Certiorari." Crook Dec. Ex. B at 22. It is extremely unlikely that it took over an hour to copy and scan one document. That single photocopy and scan ultimately cost $204.00 in paralegal time. This is an unreasonable charge and I eliminate it.

Similarly, the records show that the firm billed a total of $15,055 in filing this motion for attorneys' fees. In addition, the firm requests an additional $6,810 for filing a reply brief to the District's opposition. This results in a total request of $21,865 in connection with this motion. A large part of this amount is attributable to Crook's time, which was billed at his standard rate of $650/hr. Filing a motion for attorneys' fees, which Crook and his firm have done numerous times, is not so highly skilled a task as to warrant that billing rate or that amount of time. I reduce this component of the overall request to $10,000. Part of this reduction reflects the fact that there will be no hearing on this motion. This results in a further reduction of $11,865 from the overall fee request.

*b) Results obtained*

Certiorari petitions are rarely granted—the grant rate is a little over 1%. *See The Supreme Court 2008 Term: The Statistics*, 123 Harv. L. Rev. 382, 389 (2009). That said, given that the Supreme Court asked for the Solicitor General's views this petition may have had a better probability of success than the baseline, although the difference is likely negligible. Considering the low rate of certiorari "grants, " successfully opposing a certiorari petition does not appear to be a particularly stellar result that warrants over $100,000 in attorneys' fees.

## V. Conclusion

I **GRANT** Defendants' motion for attorneys' fees but adjust the award as shown in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV06-04717 AHM (PJWx) | Date | February 24, 2012 |
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. STARVENIA ADDISON et al | | |

the following table. After these adjustments, Defendants are entitled to receive $74,298.45 in attorneys' fees.

| Item | (+) | (–) |
|---|---|---|
| Initial Request | $102,307.45 | |
| Attorneys' Fees for Reply Brief for this Motion | $6,810.00 | |
| Elimination of Copy Fee | | $204.00 |
| Reduction of Award for Crook's Time | | $20,150.00 |
| Reduction of Award for Vanaman's Time | | $2,600 |
| Reduction in Fees for this Motion | | $11,865 |
| **FINAL AWARD** | **$74,298.45** | |

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15. Indeed, a hearing would only compound the cost to Plaintiff.

:

Initials of Preparer SMO